UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEAL ALUIA and KAYE
HAMILTON, on behalf of themselves
and all others similarly situated

    Plaintiffs,

v.                                              Case No:   2:15-cv-81-FtM-38DNF

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Dyck-O'Neal, Inc.'s Motion to Dismiss (Doc. #18) filed on April 27, 2015. Plaintiffs Michael Aluia and Kaye Hamilton filed a response in opposition on May 7, 2015. (Doc. #20). Although given the opportunity, the other defendant, Law Offices of Daniel C. Consuegra, P.L., has not taken a position on this motion. This matter is ripe for review.

Background

On February 9, 2015, Plaintiffs Michael Aluia and Kaye Hamilton filed a complaint against Defendants Dyck-O'Neal, Inc. and Law Offices of Daniel C. Consuegra. (Doc. #1). Aluia and Hamilton reside in Michigan. (Doc. #1, at ¶¶7-8). In 2006, while in Michigan,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Aluia and Hamilton separately executed notes and mortgages with Countrywide Home Loans, Inc. for vacation homes in Florida. (Doc. #1, at ¶¶12, 14, 25; Doc. #1-1; Doc. #1-3). Later in 2009 and 2010, BAC Home Loans Servicing, LP ("BAC") filed foreclosure actions in Florida against Aluia and Hamilton, respectively. (Doc. #1, at ¶¶13, 15). These foreclosure actions culminated in two foreclosure judgments in favor of BAC and against Aluia and Hamilton, respectively. (Doc. #1, at ¶13; Doc. #1-2; Doc. #1-4). After the foreclosure judgments were issued, they were assigned to Dyck-O'Neal. (Doc. #1, at ¶¶16-17).

Later, Dyck-O'Neal sent written communication to Aluia and Hamilton in Michigan regarding the deficiency amounts and its role as a debt collector. (Doc. #1, at ¶22). Then in 2014, Dyck-O'Neal through Law Offices of Daniel C. Conseugra filed deficiency lawsuits in Florida against Aluia and Hamilton, separately. (Doc. #1, at ¶18). The deficiency actions sought damages in the amount of the foreclosure deficiencies, interest, costs, and reasonable attorney's fees. (Doc. #1, at ¶21; see Doc. #1-7, at 3, 5).

Despite 15 U.S.C. § 1692i(a), Dyck-O'Neal and Law Offices of Daniel C. Conseugra knew they were filing lawsuits against Aluia and Hamilton in a venue, Florida, other than where they resided, Michigan. (Doc. #1, at ¶¶24, 26). Dyck-O'Neal and Law Offices of Daniel C. Conseugra selected to file lawsuits outside the proper residential venues to make it difficult for Aluia and Hamilton to defend their cases. (Doc. #1, at ¶27). Aluia and Hamilton allege Dyck-O'Neal and Law Offices of Daniel C. Conseugra's violation of Section 1692i(a) establishes a violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I) and Florida Consumer Collection Practices Act ("FCCPA")

(Count II). (Doc. #1, at ¶¶42, 50). Now, Dyck-O'Neal moves to dismiss this action pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure.

## Standard

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Under Rule 8 of the Federal Rules of Civil Procedure, stating a claim upon which relief may be granted requires that enough factual matter is pled to make relief plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 561–63 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although detailed factual allegations are not required, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. Id. at 561–63. Thus, a complaint must state more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). Additionally, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Id. (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). Accordingly, the facts as pled must state a claim for relief that is plausible on the face of the pleading. Id. (citing Iqbal, 556 U.S. at 678).

## Discussion

Dyck-O'Neal argues the underlying deficiency actions are not subject to the FDCPA or FCCPA because they do not seek to collect "consumer debts." Relying on a

Florida District Court of Appeals case, Dyck-O'Neal argues a deficiency action is not based upon a mortgage note or promissory note. See Chrestensen v. Eurogest, Inc., 906 So.2d 343, 345 (Fla. 4th DCA 2005). Rather, Dyck-O'Neal argues a deficiency action is based upon final foreclosure judgments and judicially forced foreclosure sales. Dyck-O'Neal avers foreclosure judgments and judicially forced foreclosure sales are not the "kind of business dealing or other consensual obligation" used to create a debt for FDCPA and FCCPA purposes because they are non-consensual transactions and do not collect "consumer debts." See Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

In addition, relying mainly on a Southern District of Florida case Dyck-O'Neal argues Aluia and Hamilton's FCCPA claim fails because it is conclusory and does not demonstrate that it knowingly violated the FCCPA. See Ortiz v. Accounts Receivable Mgt., Inc., 09-80124-CIV, 2010 WL 547910, at *3 (S.D. Fla. Feb. 12, 2010). Dyck-O'Neal asserts the allegations do not show it had "actual knowledge" as required by the FCCPA. Dyck-O'Neal asserts more allegations should be plead, for example, Aluia and Hamilton must demonstrate a debt or legal right that did not exist was being asserted. See Ortiz, 2010 WL 547910 at *3; see also Reese v. JP Morgan Chase & Co., 686 F. Supp. 2d 1291, 1312 (S.D. Fla. 2009); Owens v. Ronald R. Wolf & Assocs., P.L., No. 13-61769-CIV, 2013 WL 6085121, at *4 (S.D. Fla. Nov. 19, 2013); Read v. MFP, Inc., 85 So.2d 1151, 1155 (Fla. 2d DCA 2012).

In opposition, Aluia and Hamilton argue a deficiency action is a "debt" for FDCPA and FCCPA purposes. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216-17 (11th Cir. 2014). Aluia and Hamilton especially rely on a recent Middle

District of Florida opinion to support their position. See Baggett v. Law Offices of Daniel C. Consuegra, P.L., No. 3:14-cv-1014-J-32PDB, 2015 WL 1707479 (M.D. Fla. Apr. 15, 2015) (Corrigan, J.); see also Hernandez v. Dyck-O'Neal, Inc., No. 3:14-cv-1124-J-32JBT, 2015 WL 2094263, at *3 (M.D. Fla. May 5, 2015) (Corrigan, J.).

Furthermore, Aluia and Hamilton argue they have sufficiently pled a claim pursuant to FCCPA. Since they allege Dyck-O'Neal knew where Aluia and Hamilton resided before it filed the deficiency action, the underlying mortgages were signed and notarized in Michigan, Dyck-O'Neal had a motive to file the deficiency cases in an improper venue, and Dyck-O'Neal's principal purpose is debt collection, Aluia and Hamilton assert their claim is sufficient. (See Doc. #1, at ¶¶22-25, 27, 49). Aluia and Hamilton argue the Court can reasonably infer in their favor that Dyck-O'Neal knew it was violating the FDCPA.

Upon consideration, the Court mostly agrees with Aluia and Hamilton's arguments. Nonetheless, for a distinct reason, the Court finds the FCCPA claim is due to be dismissed. The motion to dismiss will be granted in part and denied in part.

To state a claim under the FDCPA, a plaintiff must allege (1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a FDCPA debt collector; and (3) the defendant engaged in FDCPA prohibited act or omission. Friere v. Aldrige Connors, LLP, 994 F. Supp. 2d 1284, 1287 (S.D. Fla. 2014). The FCCPA has parallel requirements to state a claim. Zlemniak v. Goede & Adamczyk, PLLC, No. 11-62286-CIV, 2012 WL 5868385, at *2 (S.D. Fla. Nov. 19, 2012) (citing Elmore v. Ne. Fla. Credit Bureau, Inc., Case No. 3:10-cv-573-J37JBT, 2011 WL 4480419, at *2 n.5 (M.D. Fla. Sept. 27, 2011)); see also Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, at 839 (11th Cir. 2010) ("Furthermore, the FCCPA specifies that, in construing its provisions, 'due

consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.' Fla. Stat. § 559.77(5)."). With regard to the FDCPA, "[v]iolation of the venue provision is sufficient to establish liability." Pickens v. Collection Servs. of Athens, Inc., 165 F. Supp. 2d 1376, 1379 (M.D. Ga. 2001), a'ffd Pickens v. Collection Servs., 273 F.3d 1121 (11th Cir. 2001) (citing Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1511 (9th Cir. 1994)).

Contrary to Dyck-O'Neal's position, federal and Florida courts have found civil lawsuits seeking the collection of a promissory note and foreclosure of a mortgage constitute a debt collection activity for FDCPA purposes. Friere, 994 F. Supp. 2d at 1288 ("Because the foreclosure complaint sought to enforce a promissory note, not solely to enforce a mortgage, and because the foreclosure complaint sought a deficiency judgment, a judgment for an amount beyond the collateral, Defendant sought to collect a debt, and therefore Plaintiffs were the object of debt collection activity."); see also Roban v. Marinosci Law Group, 34 F. Supp. 3d 1252, 1254 (S.D. Fla. 2014) ("A mortgage foreclosure action that seeks payment on the underling promissory note is debt collection for the purposes of FDCPA."); Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012) (discussing a promissory note secured by a mortgage is a debt within the context of the FDCPA); Battle v. Gladstone Law Group, P.A., 951 F. Supp. 2d 1310 (S.D. Fla. 2013); Baggett, 2015 WL 1707479; Rotenberg v. MLG, P.A., No. 13-cv-22624-UU, 2013 WL 5664886 (S.D. Fla. Oct. 17, 2013); Arvelo v. Park Fin. of Broward, Inc., 15 So.3d 660, 662 (Fla. 3d DCA 2009). This is true even after a final foreclosure judgment has been issued and the final foreclosure judgment is the basis of the debt collection. Baggett, 2015 WL 1707479, at *5. Here, Dyck-O'Neal initiated a lawsuit against

Aluia and Hamilton in Florida in order to enforce promissory notes and obtain deficiency judgments. Such lawsuits are considered debt collection activity for FDCPA purposes. Friere, 994 F. Supp. 2d at 1288; Baggett, 2015 WL 1707479 at *5. The Complaint alleges all three required elements to state a cause of action under the FDCPA. Thus, the motion to dismiss as it relates to the FDCPA will be denied.

The Court, however, finds the motion as it relates to the FCCPA claim will be granted. This is because violations of the FDCPA are not automatic violations of the FCCPA. See Beeders v. Gulf Coast Collection Bureau, Inc., No. 8:09-cv-00458-EAK-AEP, 2010 WL 2696404, at *6 (M.D. Fla. July 5, 2010) ("There are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable."); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010) ("we do not hold that all debt collector actions in violation of state law constitute per se violations of the FDCPA. Rather, the conduct or communication at issue must also violate the relevant provision of the FDCPA") (citations omitted). Here, since the FDCPA action is based solely on a violation of the FDCPA venue provision, and the FCCPA does not have a mirror venue provision, there is no viable claim pursuant to the FCCPA. See 15 U.S.C. § 1692i(a); cf. Fla. Stat. § 559 (containing no mirror venue provision). As such, the motion is due to be granted as it relates to the FCCPA claim.

Accordingly, it is now

**ORDERED:**

Defendant Dyck-O'Neal, Inc.'s Motion to Dismiss (Doc. #18) is **GRANTED in part** and **DENIED in part**. The motion is granted in that the FCCPA claim (Count II) is **DISMISSED**. The motion is denied in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of June, 2015.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record