UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEAL ALUIA and KAYE
HAMILTON, on behalf of themselves
and all others similarly situated

   Plaintiffs,

v.            Case No:  2:15-cv-81-FtM-38MRM

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

   Defendants.
_____/

**ORDER[1]**

  This matter comes before the Court on Plaintiffs' Amended Motion to Strike Affirmative Defenses (Doc. #24) filed on June 9, 2015. Although given the opportunity, Defendants did not file a response in opposition. This matter is ripe for review.

Background

  On February 9, 2015, Plaintiffs Michael Aluia and Kaye Hamilton filed a complaint against Defendants Dyck-O'Neal, Inc. and Law Offices of Daniel C. Consuegra, P.L. ("LODC"). (Doc. #1). Aluia and Hamilton reside in Michigan. (Doc. #1, at ¶¶7-8). In 2006, while in Michigan, Aluia and Hamilton separately executed notes and mortgages with Countrywide Home Loans, Inc. for vacation homes in Florida. (Doc. #1, at ¶¶12, 14, 25;

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Doc. #1-1; Doc. #1-3). Later in 2009 and 2010, BAC Home Loans Servicing, LP ("BAC") filed foreclosure actions in Florida against Aluia and Hamilton, respectively. (Doc. #1, at ¶¶13, 15). These foreclosure actions culminated in two foreclosure judgments in favor of BAC and against Aluia and Hamilton, respectively. (Doc. #1, at ¶13; Doc. #1-2; Doc. #1-4). After the foreclosure judgments were issued, they were assigned to Dyck-O'Neal. (Doc. #1, at ¶¶16-17).

Later, Dyck-O'Neal sent written communication to Aluia and Hamilton in Michigan regarding the deficiency amounts and its role as a debt collector. (Doc. #1, at ¶22). Then in 2014, Dyck-O'Neal through LODC filed deficiency lawsuits in Florida against Aluia and Hamilton, separately. (Doc. #1, at ¶18). The deficiency actions sought damages in the amount of the foreclosure deficiencies, interest, costs, and reasonable attorney's fees. (Doc. #1, at ¶21; see Doc. #1-7, at 3, 5).

Despite 15 U.S.C. § 1692i(a), Dyck-O'Neal and LODC knew they were filing lawsuits against Aluia and Hamilton in a venue, Florida, other than where they resided, Michigan. (Doc. #1, at ¶¶24, 26). Dyck-O'Neal and LODC selected to file lawsuits outside the proper residential venues to make it difficult for Aluia and Hamilton to defend their cases. (Doc. #1, at ¶27). Aluia and Hamilton allege Dyck-O'Neal and LODC's violation of Section 1692i(a) establishes a violation of the Fair Debt Collection Practices Act ("FDCPA").[2] (Doc. #1, at ¶42). In response, LODC filed an Amended Answer and Affirmative Defenses. (Doc. #19). Now, Aluia and Hamilton seek to strike most of the eleven affirmative defenses along with the demand for sanctions asserted by LODC.

---

[2] This is the only remaining cause of action in this case.

Standard

A party is required to assert its affirmative defenses to any claim in its responsive pleading. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citing Fed. R. Civ. P. 12). The opposing party may then move to strike improper affirmative defenses. See Fed. R. Civ. P. 12. Albeit, affirmative defenses are not stricken when the defense presents a bona fide issue. Royal Palm Sav. Ass'n, 716 F. Supp. at 1420 (citing A.M. Kiddler & Co. v. Turner, 106 So.2d 905, 906 (Fla. 1958)); see also Fifth Third Bank v. Alaedin & Majdi Invs., Inc., No. 8:11-CV-2206-T-17TBM, 2012 WL 1137104, at *3 (M.D. Fla. Apr. 4, 2012) (explaining a motion to strike an affirmative defense is usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties) (quoting Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (quoting Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997))). In addition, when a court reviews a motion to strike an affirmative defense, it must accept the truthfulness of the well-pleaded facts and it cannot consider matters beyond the pleadings. Fifth Third Bank, 2012 WL 1137104 at *3 (quoting Thompson v. Kindred Nursing Cts. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citing Carlson Corp./Se. v. Sch. Bd. of Seminole County Fla., 778 F. Supp. 518 (M.D. Fla. 1991))).

Discussion

i.   *First Affirmative Defense*

LODC's first affirmative defense is "Defendant states that if it violated the FDCPA . . . , which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an

error." (Doc. #19, at 10, ¶1). Aluia and Hamilton argue this affirmative defense is not pled with the necessary particularity. Upon review, the Court agrees. LODC's affirmative defense must do more than restate the relevant statutory language. See 15 U.S.C. § 1692k(c) ("the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."); see also Schmidt v. Synergentic Comm's, Inc., No. 2:14-cv-539-FtM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (striking similar bare bone affirmative defense brought pursuant to 15 U.S.C. § 1692k(c)). The motion is granted as it relates to the first affirmative defense.

### ii.   Second Affirmative Defense

LODC's second affirmative defense is "Plaintiffs' and the putative class' claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any." (Doc. #19, at 11, ¶2). Aluia and Hamilton argue this affirmative defense is unavailable to LODC as a matter of law. The two plaintiffs refer to an Illinois district court case addressing a different statute, the Telephone Consumer Protection Act, for authority. See Holtzman v. Turza, No. 08 C 2014, 2010 WL 4177150, at *5 (N.D. Ill. Oct. 19, 2010). Upon review, the Court disagrees. See McKnight v. Benitez, 176 F. Supp. 2d 1301, 1309 n. 4 (M.D. Fla. 2001) (noting in FDCPA cases mitigation of damages is an appropriate affirmative defense.). The motion is denied as it relates to the second affirmative defense.

### iii.   Third Affirmative Defense

LODC's third affirmative defense is "Plaintiffs' and the putative class' claims are barred in whole or in part by the applicable statute of limitations, to the extent that the alleged actions occurred outside the limitations period of the FDCPA." (Doc. #19, at 11,

at ¶3). Aluia and Hamilton argue this affirmative defense is legally insufficient, impertinent, or immaterial as all relevant dates associated with and in the complaint do not exceed the statute of limitations. These two plaintiffs also argue the third affirmative defense is an improper conclusion. Upon review, the Court disagrees. The Court notes the merits related to the statute of limitations is best addressed at the motion to dismiss or summary judgment stage. The motion is denied as it relates to the third affirmative defense.

    *iv.*   *Fourth Affirmative Defense*

LODC's fourth affirmative defense is "Plaintiffs' and the putative class' claims may be barred in whole or in part by the doctrines of waver and/or consent." (Doc. #19, at 11, at ¶4). Aluia and Hamilton assert this affirmative defense is conclusory and does not connect the defenses to the claims. Upon review, the Court agrees. See Bartholomew v. Pollack & Rosen, P.A., No. 2:15-cv-135-FtM-29DNF, 2015 WL 3852944, at *3 (M.D. Fla. June 22, 2015) (finding same conclusion). The motion is granted as it relates to the fourth affirmative defense.

    *v.*   *Fifth Affirmative Defense*

LODC's fifth affirmative defense is "Plaintiffs' and the putative class' claims are barred by litigation immunity/privilege." (Doc. #19, at 11, ¶5). Aluia and Hamilton assert this affirmative defense is not available to the FDCPA claim. Upon review, the Court agrees. See Corea v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *13 (M.D. Fla. Apr. 9, 2012) (explaining that the litigation immunity privilege is limited to Florida state causes of action and does not extend to federal causes of action). The motion is granted as it relates to the fifth affirmative defense.

*vi.*   *Sixth Affirmative Defense*

LODC's sixth affirmative defense is "Plaintiffs' and the putative class' claims may be barred in whole or in part by laches." (Doc. #19, at 11, ¶6). Aluia and Hamilton assert this affirmative defense is conclusory and contain no allegations connecting the defenses to the claims. Upon review, the Court agrees. See generally F.T.C. v. Rawlins & Rivera, Inc., No. 6:07-cv-146-Orl-18KRS, 2007 WL 1730091, at *2 (M.D. Fla. June 14, 2007) (dismissing affirmative defense in light of concession). The motion is granted as it relates to the sixth affirmative defense.

*vii.*   *Seventh Affirmative Defense*

LODC's seventh affirmative defense is "Plaintiffs' and the putative class claims are barred in whole or in part by the *Rooker-Feldman* Doctrine and this Court lacks jurisdiction." (Doc. #19, at 11, ¶7). Aluia and Hamilton assert this affirmative defense is conclusory and contains no allegations connecting the defenses to the claims. Upon review, the Court agrees. Although the *Rooker-Feldman* doctrine can be a viable defense to a FDCPA claim, more is needed than the bare bone assertions made here. See, e.g., Dean v. Wells Fargo Home Mortg., No. 2:10-cv-564-FtM-29SPC, 2011 WL 1515106, at *3 (M.D. Fla. Apr. 21, 2011). The motion is granted as it relates to the seventh affirmative defense.

*viii.*   *Ninth Affirmative Defense*

LODC's ninth affirmative defense is "Maintenance of this action as a class action would violate Defendants' rights to be confronted with the witnesses against it as provided in the Sixth Amendment to the United States Constitution." (Doc. #19, at 11, ¶9). Aluia and Hamilton argue this affirmative defense should be stricken because the Sixth

Amendment only applies to criminal cases. Upon review, the Court agrees. The motion is granted as it relates to the ninth affirmative defense.

    *ix.   Tenth Affirmative Defense*

        LODC's tenth affirmative defense is "Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrines of settlement, release and res judicata." (Doc. #19, at 11, ¶10). Aluia and Hamilton assert this affirmative defense is conclusory and contains no allegations connecting the defenses to the claims. Upon review, the Court agrees. See generally Moss v. GEICO Indem. Co., No. 5:10-cv-104-Oc-10TBS, 2011 WL 6338598, *2 (M.D. Fla. Dec. 19, 2011). The motion is granted as it relates to the tenth affirmative defense.

    *x.   Eleventh Affirmative Defense*

        LODC's eleventh affirmative defense is "Plaintiffs and putative class members lack standing because there is not a live case or controversy under Article III of the U.S. Constitution, including that no actual damages have been incurred by Plaintiff or the putative class members." (Doc. #19, at 12, at ¶11). Aluia and Hamilton argue this affirmative defense should be stricken because a violation of a federal statute constitutes a cognizable injury under Article III. Upon review, the Court finds whether the plaintiffs have standing should be determined at another stage of litigation. Here, lack of standing may be a viable affirmative defense. See Guididas v. Cmty. Nat'l Bank Corp., No. 8:11-cv-2545-T-30TBM, 2013 WL 230243, *2 (M.D. Fla. Jan. 22, 2013) ("The affirmative defense of standing is not insufficient nor frivolous and should not be stricken."); Achievement & Rehab. Ctrs., Inc. v. City of Lauderhill, No. 12-61628-Civ, 2012 WL

6061762, *1 (S.D. Fla. Dec. 6, 2012) (finding no basis to strike standing affirmative defense). The motion is denied as it relates to the eleventh affirmative defense.

xi.    *Sanctions*

Next, Aluia and Hamilton argue LODC's sanctions request should be stricken. Upon review of the affirmative defenses, however, there is no specific request for sanctions. Thus, the motion is denied as it relates to sanctions.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Amended Motion to Strike Affirmative Defenses (Doc. #24) is **GRANTED in part** and **DENIED in part**.

1. The motion is GRANTED in that Defendant Law Offices of Daniel C. Consuegra, P.L.'s first, fourth, fifth, sixth, seventh, ninth, and tenth affirmative defenses are hereby **STRICKEN**.

2. The motion is DENIED in all other respects.

3. Defendant Law Offices of Daniel C. Consuegra, P.L. may cure its deficiencies by filing an amended answer and affirmative defenses no later than **July 28, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record